UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SCOTT FELIXSON,

              Plaintiff,

     -against-

BOMBARDIER TRANSPORTATION
(HOLDINGS) USA, INC.,

              Defendant.
-----------------------------------------------------------------X

**DECISION AND ORDER**
12-CV-4399 (WFK) (LB)

**WILLIAM F. KUNTZ, II, United States District Judge**

Scott Felixson ("Plaintiff") brings this action against Bombardier Transportation (Holdings) USA, Inc. ("Defendant") for physical injuries and property damage arising out of an incident where the doors of a John F. Kennedy ("JFK") Air Train car built by Defendant closed while Plaintiff was entering the car. Dkt. 5 ("Am. Compl.") at ¶ 31. Plaintiff alleges he suffered physical and property damage as a result of Defendant's negligence, recklessness, and willful conduct in the building, maintenance, and operation of the JFK Air Train. *Id.* at ¶ 26. Defendant now moves for summary judgment, arguing Plaintiff cannot establish the existence of a defect, malfunction, or dangerous condition causing or contributing to Plaintiff's injuries, and further that Plaintiff cannot show damages. Dkt. 66-1 ("Memo for SJ") at 9-17. Plaintiff contests both of Defendant's arguments. Dkt. 67 ("Opp.") at 5-16. For the reasons set forth below, Defendant's motion for summary judgement is GRANTED.

## BACKGROUND

The following facts are either undisputed or described in the light most favorable to Plaintiff, the non-moving party. *See Capobianco v. City of New York*, 422 F.3d 47, 50 n.1 (2d Cir. 2005).

On the afternoon of August 31, 2009, Plaintiff attempted to board the JFK Air Train at the Jamaica Station in Jamaica, New York. Dkt. 67-2 ("P's Rule 56.1 Statement") at ¶ 1. When the JFK Air Train automated car doors began to close, Plaintiff was standing "fully positioned" on the platform, and continued walking through the doors even after they began closing. *Id.* at ¶

1

2. After coming into contact with the Air Train car's doors, Plaintiff tripped over another passenger's luggage and fell to the ground. *Id.* at ¶ 3.

Plaintiff alleges this accident (the "Incident") was caused by the Air Train's defective doors, which in turn were caused by "Defendant's negligent manufacture, design, operation, and maintenance" of the Air Trains and doorways, "including negligence of Defendant's employees and/or independent contractors." *Id.* at ¶ 5. Plaintiff further alleges he sustained injuries, including exacerbation of pre-existing problems, to his neck, back, and right shoulder as a result of the Incident. Dkt. 66-2 ("D's Rule 56.1 Statement") at ¶ 11; P's Rule 56.1 Statement at ¶ 11. Additionally, Plaintiff alleges he sustained an estimated $1,100 worth of property damage to his laptop as a result of the Incident. D's Rule 56.1 Statement at ¶ 18; P's Rule 56.1 Statement ¶ 18.

**Procedural History**

Plaintiff, *pro se*, filed the Complaint in this action on August 30, 2012, an Amended Complaint on October 11, 2012, and a Second Amended Complaint on October 21, 2013. Dkt. 1 ("Complaint"); Am. Complaint; Dkt. 33 ("Second Am. Complaint"). On October 29, 2013, Magistrate Judge Lois Bloom issued an order deeming the first Amended Complaint to be the operative complaint in this action. Dkt. 36 at 2.

On September 8, 2014, Defendant filed a motion for summary judgment. Memo for SJ. In its motion, Defendant argues that Plaintiff (1) cannot establish the existence of a defect, malfunction, or dangerous condition causing or contributing to Plaintiff's injuries, and (2) cannot prove damages. Memo for SJ at 9-17. Plaintiff disputes Defendant's motion and argues (1) the videotape of the Incident raises material questions of fact as to whether the Air Train doors are inherently hazardous and unsafe, (2) the videotape of the Incident shows the Air Train lacked a warning to passengers as to the closing of the automatic doors, which would permit a jury

2

finding of negligence, and (3) damages discovery was ordered to start after the Court ruled on Defendant's summary judgment motion, and therefore failure to provide damages evidence at this stage cannot be grounds for summary judgment. Opp. at 5-16. Defendant further disputes Plaintiff's claims in its reply. Dkt. 68 ("Reply") at 2-10. The Court will address each of the issues raised in turn.

## DISCUSSION

### I. Legal Standard

A court appropriately grants summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). No genuine issue of material fact exists "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The moving party must meet its burden by pointing to admissible evidence in the record, including depositions, documents, affidavits, or other materials, which it believes demonstrates the absence of a genuine issue of material fact. *See* Fed. R. Civ. P. 56(c)(1)(A), (2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "In determining whether summary judgment is appropriate, th[e] Court will construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks and citation omitted). The role of the district court is not to weigh the evidence and determine the truth of the matter, but rather to perform "the threshold inquiry of determining whether there is the need for a trial[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

3

If the moving party fulfills its preliminary burden, the burden shifts to the non-movant to raise the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1). Statements that are devoid of specifics and evidence that is "merely colorable" are insufficient to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-250; *see also Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999) ("Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment.") (internal citations omitted); *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). "A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. Cnty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008) (quoting *Guilbert v. Gardner*, 480 F.3d 140, 145 (2d Cir. 2007)).

Ordinarily, the complaint of a *pro se* plaintiff must be liberally construed and held to a less rigorous standard of review than pleadings drafted by an attorney. *Serby v. First Alert, Inc., et al.*, 09-cv-4229, 2011 WL 4464494, at *1 (E.D.N.Y. Sept. 26, 2011). While Defendant argues Plaintiff is not entitled to the latitude typically afforded *pro se* litigants because Plaintiff is a licensed attorney, the Court need not decide this point because Plaintiff's claims fail even if construed liberally. Memo for SJ at 17; Dkt. 66-6 at PDF 140-143. "[A] *pro se* party's bald assertion, completely unsupported by evidence is not sufficient to overcome a motion for summary judgment." *McGee v. Haigh*, 13-CV-394, 2015 WL 1456612, at *5 (N.D.N.Y. Mar. 30, 2015) (D'Agostino, J.) (internal quotation marks and citations omitted). Plaintiff does not produce evidence for his position and accordingly cannot overcome Defendant's summary judgment motion. *See* sections II.A and II.B, *infra*.

## II. Analysis

The Court has diversity jurisdiction over this action because Plaintiff is a citizen of and domiciled in California, Defendant is a Delaware corporation having a principal place of business in Pennsylvania, and the amount in controversy exceeds $75,000. Am. Complaint at ¶¶ 1, 5-10; Dkt. 37 ("Answer") at ¶ 2; *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (stating that 28 U.S.C. § 1332(a) gives federal courts jurisdiction over cases "in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Because this is a diversity action and the Incident occurred in New York, New York substantive law will govern the instant motion. *Casiano v. Target Stores*, 06-CV-6286, 2009 WL 3246836, at *3 (E.D.N.Y. Sept. 24, 2009) (Gershon, J.) "Under New York law, in order to establish a *prima facie* case of negligence, a plaintiff must show: (1) that the defendant owed the plaintiff a duty of care; (2) that the defendant breached that duty; and (3) that the plaintiff suffered damages as a proximate result of that breach." *Id.* (internal citation omitted).

Plaintiff alleges Defendant caused Plaintiff's injuries "through the negligent, recklessness, carelessness, willful and wanton behavior of the Defendant[] in the ownership, operation, maintenance and control of [its] train[.]" Am. Complaint at ¶ 32. Defendant does not deny the existence of a duty of care, but argues Plaintiff cannot prove a breach of that duty because he "has failed to allege, much less establish with admissible evidence, any acts of negligence or even a cause of the [I]ncident." Memo for SJ at 1. Defendant is correct.

5

### A. Plaintiff's Conclusory Statements Regarding the Door-Closing Mechanism Do Not Create Issues of Material Fact.

Defendant argues there are no issues of material fact because Plaintiff "has not alleged any negligent acts or omissions by [Defendant]" and "has not identified any purported dangerous conditions, defects or malfunction[.]" Memo for SJ at 9. Instead, the evidence merely shows Plaintiff was "positioned fully on the platform but continued walking toward the subject doorway even after the doors had started closing." *Id.* All Plaintiff offers, Defendant argues, are vague conclusory statements from Plaintiff himself and his designated expert, Carl Berkowitz, Ph.D, that Defendant was negligent. *Id.* at 10-13.

In opposition, Plaintiff argues he has presented evidence that raise questions for the jury on the issue of Defendant's negligence. Opp. at 5-12, 14-15. First, Plaintiff argues the surveillance video of the Incident establishes the Air Train doors began to close seven seconds after new passengers began to board; this, Plaintiff asserts, creates a triable issue of fact regarding negligence because it took thirty-eight seconds for the passengers already on the train to exit. Opp. at 6; Dkt. 66-6, Ex. B. at PDF 77 ("Incident Video 1"). Plaintiff argues there is an issue of material fact over "whether seven seconds is sufficient time to allow for passenger boarding" and "whether seven seconds of boarding time is a safety hazard whether a human conductor" (*sic.*). Opp. at 7. According to Plaintiff's own count, the doors were open for a total of forty-five seconds (the first thirty-eight of which were taken up by passengers exiting, and the next seven by passengers boarding) before closing. *Id.* After viewing the video, the Court agrees with Plaintiff's forty-five second count. However, simply stating there was only a forty-five second delay before the car doors closed is not sufficient to establish a material question of fact regarding negligence. Plaintiff presents no evidence, other than his description of the Incident and conclusory statements, as to why allowing forty-five seconds for passengers to exit

6

and board is negligent as a matter of law or fact. Without anything further, Plaintiff cannot create a triable issue of fact on the issue of Defendant's negligence. *See McGee*, 2015 WL 1456612, at *5.

Second, Plaintiff also attempts to argue he needs no direct evidence of Defendant's negligence to survive summary judgement because the "[e]vidence of dangerous conditions and [D]efendant's negligence are plainly visible in the surveillance videos[.]" Opp. at 7. To support his argument, Plaintiff cites to several cases that he claims hold circumstantial evidence can establish negligence. *Id.* at 7-8 (citing *Otis Elevator Co. v. Robinson*, 287 F.2d 62, 64-66 (5th Cir. 1961), , *Markel v. Spencer*, 171 N.Y.S.2d 770, 774 (4th Dep't 1958), and *Hoggard v. Otis Elevator Co.*, 276 N.Y.S.2d 681, 685-86 (N.Y. Sup. Ct. 1966)). Plaintiff's reliance on these cases, however, is misplaced, because in all of these cases, there was a clear defect or dangerous condition.

For example, in *Robinson*, the Fifth Circuit held that a maintenance company contracted to maintain and repair hotel elevators could be found negligent based on circumstantial evidence. *Robinson*, 287 F.2d at 64-66. In that case, a hotel employee was injured when an elevator suddenly dropped "at extraordinary speed," and the maintenance company had received previous reports of "substantially the same sort of" occurrences. *Id.* at 63-64. The Fifth Circuit found these facts constituted sufficient circumstantial evidence to hold the company liable. *Id.* at 65-66. Similarly, in *Hoggard* the plaintiff identified, and the defendant conceded, the defendant's failure to take reasonable care to repair a plank switch. *Hoggard*, 276 N.Y.S.2d at 685. In *Hoggard*, the defendant's own admission rendered it unnecessary for the fact-finder to rely on circumstantial evidence to prove negligence. *Id.* Lastly, in *Markel* there was clear evidence a bolt in the braking mechanism of an automobile had broken. *Markel*, 171 N.Y.S.2d at 774-775.

As such, the jury had the right to infer, based on the circumstantial evidence of the broken bolt, that the defendant was negligent. *Id.* at 775.

By contrast, in this case, Plaintiff is unable to point to any failure, break, or other defect or dangerous condition related to the Air Trains operated by Defendant. Plaintiff simply asserts the forty-five second time gap between the opening and closing of the Air Train doors is sufficient to permit a jury to find Defendant liable for negligent manufacture, design, operation, and maintenance of the Air Trains. Plaintiff is incorrect—this is insufficient. "While inferences of negligence may be drawn from circumstantial evidence, those inferences must be the *only ones* which reasonably could be drawn from the evidence presented." *Molina v. United States*, 11-CV-4097, 2015 WL 4394045, at *5 (E.D.N.Y. July 16, 2015) (Korman, J.) (internal quotation marks, citations, and brackets omitted) (emphasis added). Plaintiff need not "positively exclude every other possible cause" of the Incident "but defendant's negligence[,]" but Plaintiff must provide evidence to "render those other causes sufficiently remote or technical to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence." *Hernandez v. Alstom Transp., Inc.*, 13 N.Y.S.3d 232, 234 (2d Dep't 2015) (internal quotation marks and citations omitted). Plaintiff has not provided such evidence. Instead, Plaintiff provides only his own conclusory opinion that the doors should have been open longer and that there should have been a "useful visible door[-]closing signal." Opp. at 7. Furthermore, the mere fact that the Air Train doors closed on Plaintiff and may have caused him damage does not show negligence. *See, e.g., Lezama v. 34-15 Parsons Blvd*, 792 N.Y.S.2d 123, 124 (2d Dep't 2005) (citing *Hunter v. Riverview Towers*, 773 N.Y.S.2d 290, 291 (1st Dep't 2004)). Accordingly, Plaintiff's claim that the surveillance videos are evidence for Defendant's negligent operation or maintenance of the door-closing mechanism cannot survive summary

judgment. Plaintiff has failed to raise an issue of material fact, and the undisputed facts support Defendant. Defendant's motion for summary judgment on this claim is hereby GRANTED.

### B. Plaintiff's Conclusory Statements Regarding the Air Train Door-Closing Warnings Cannot Survive Summary Judgment.

Defendant further argues there are no issues of material fact over Plaintiff's claim that Defendant negligently failed to warn Plaintiff of the door closing, because Plaintiff "has not come forward with any warnings that he suggests would have prevented the [I]ncident" or identified any particular defect in the warnings. Memo for SJ at 9-10. Defendant is correct. Plaintiff alleges "inadequacies in the substance of the warnings at the time of the Incident, as well as [] inconspicuousness relating to the location and size of visual indicators." Opp. at 9. However, Plaintiff's only evidence of this supposed "inconspicuousness" is a train announcement Plaintiff himself quotes as saying "PLEASE STAND CLEAR . . . THE DOORS ARE CLOSING . . . PLEASE HOLD ON[.]" *Id.* at 10. While Plaintiff claims this announcement "overlapped" with another announcement, he does not allege the first announcement was inaudible or unclear. *Id.* Plaintiff provides no evidence or any argument as to why an announcement of "PLEASE STAND CLEAR . . . THE DOORS ARE CLOSING" is insufficient. Once again, while Plaintiff need not "positively exclude every other possible cause" of the Incident but Defendant's negligence, Plaintiff must provide evidence to "render those other causes sufficiently remote or technical to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence." *Hernandez*, 13 N.Y.S.3d at 234 (internal quotation marks and citations omitted). Plaintiff has not provided any such evidence, or indeed any argument. Accordingly, Plaintiff's claim that Defendant negligently failed to warn passengers of the imminent door-closing cannot survive summary judgment, and Defendant's motion for summary judgment on this claim is hereby GRANTED.

## C. Plaintiff Cannot Establish Damages Sufficient to Survive Summary Judgment.

Finally, Defendant argues Plaintiff has failed to submit admissible evidence regarding damages. Memo for SJ at 15. Defendant argues (1) Plaintiff has conceded "a lengthy history of pre-existing injuries and prior treatment for his right shoulder and back, and that X-rays and/or MRIs were taken of his cervical spine following accidents in 2002 and 2006[]"; (2) Plaintiff has not disclosed a damages-related expert, his deadline to do so was January 24, 2014, and his failure to do so precludes demonstrating the Incident caused Plaintiff's claimed physical condition because of his pre-existing injuries; and (3) Plaintiff "did not disclose an expert or provide any sort of documentation or support" for his claim of $1,100 worth of damages to his laptop computer. *Id.* at 15-17. In response, Plaintiff argues "[d]amages discovery was ordered to occur after summary judgment at the suggestion of the Defendant itself, therefore Defendant's argument that failure to provide damages evidence is grounds for summary judgment has no merit." Opp. at 16 (citing Dkt. 44 ("Scheduling Order 1")). Defendant replies that a superseding scheduling order set a deadline for *all* discovery to be completed by February 28, 2014. Memo for SJ at 9 (quoting Dkt. 49 ("Scheduling Order 2")). Defendant is correct.

While Magistrate Judge Lois Bloom ordered on December 23, 2013 that damages discovery would begin after the Court ruled on a summary judgment motion or the case was otherwise set for trial, her subsequent order of January 7, 2014 stated, "The parties shall complete *all* discovery by February 28, 2014…No further request for an extension shall be considered." Scheduling Order 2 (emphasis added).

Here, the respective summary judgment motion, opposition, and reply at issue were not fully briefed until September 8, 2014. Memo for SJ; Opp.; Reply. As such, Plaintiff had sufficient time to disclose a damages-related expert but failed to do so. Having missed his

10

deadline for a damages-related expert, Plaintiff cannot now argue that the failure to provide damages evidence is not grounds for summary judgment. Furthermore, expert evidence is necessary to establish causation where an injury has multiple etiologies. *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir. 2004). Here, Plaintiff's claimed injuries have multiple etiologies, as Plaintiff himself has conceded he had pre-existing shoulder and upper back conditions. Dkt. 66-6, Exhibit A, at PDF 18-25. However, Plaintiff has not submitted expert evidence, or any evidence at all, on the question of damages, as required. *Wills*, 379 F.3d at 46. Accordingly, Defendant's motion for summary judgment on the issue of Plaintiff's lack of evidence for damages is hereby GRANTED

## CONCLUSION

Accordingly, on the basis of the record and law as set forth above, the Court GRANTS Defendant's motion for summary judgment, Dkt. 66. The Clerk of Court is respectfully directed to serve this order on the *pro se* plaintiff and close this case.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: August 24, 2015
Brooklyn, New York